FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 26, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT MILDES, a married man,<br><br>    Plaintiff,<br><br>    v.<br><br>SHRINERS HOSPITALS FOR CHILDREN, a foreign nonprofit corporation,<br><br>    Defendant. | No. 2:23-CV-00356-SAB<br><br>**ORDER REGARDING DEFENDANT'S MOTION TO DISMISS** |

Before the Court are Defendant's Motion to Dismiss, ECF Nos. 9, 12. The motions were heard without oral argument. Defendant is represented by Margaret Ann Burnham, Meagan A. Himes, and Sarah Elizabeth Ames Benedict. Plaintiff is represented by Robert T. Wright and Samuel James Fenton.

On November 6, 2023, Plaintiff filed this action in Spokane County Superior Court. Defendants removed the action to the Eastern District of Washington. On February 9, 2024, Plaintiff filed an Amended Complaint, asserting claims for failure to accommodate under the Americans with Disabilities Act (ADA) and the Washington Law Against Discrimination (WLAD), as well as disability discrimination / disparate treatment, age discrimination, and gender discrimination under the WLAD.

Defendant now moves to dismiss Plaintiff's Amended Complaint. Defendant

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 1**

argues that: (1) Plaintiff cannot allege a failure to accommodate claim under the ADA or the WLAD because he fails to plead he was disabled as the term is defined by the WLAD and because his proposed accommodation would impose an undue hardship under both laws; (2) Plaintiff's disability-related claims cannot survive because he could not perform his essential job functions unvaccinated without posing a direct threat; and (3) Plaintiff's First Amended Complaint does not allege sufficient facts to state claims for age and gender discrimination under Fed. R. Civ. P. 8.

## Motion Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Ninth Circuit explained:

> To be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. The factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When evaluating a Rule 12(b)(6) motion, the court must draw all reasonable inferences in favor of the non-moving party. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). However, the court is not required to accept conclusory allegations as true or to accept any unreasonable inferences in a complaint. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1054 (9th Cir. 2008).

//
//

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** ~ 2

**Plaintiff's Claims**

Plaintiff alleges he was terminated after he sought but was denied a medical exemption to the COVID-19 vaccination requirement. He is bringing five claims: (1) Failure to accommodate under the Americans with Disability Act[1] (ADA); (2) Failure to accommodate under the Washington Law Against Discrimination (WLAD) ; (3) Disparate treatment on account of disability discrimination under the WLAD; (4) Age discrimination under the WLAD; and (5) Gender discrimination under the WLAD.

**(1)    Failure to Accommodate – ADA**

To allege a prima facie case for discrimination under the ADA, Plaintiff must show (1) he is disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job with reasonable accommodation, and (3) he suffered an adverse employment because of his disability. *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (quotation omitted).

> (1) Disability
> The term "disability" means, with respect to an individual--
>> (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
>> (B) a record of such an impairment; or
>> (C) being regarded as having such an impairment . . .
>
> (2)  Major life activities
>> (A) In general

---

[1] The ADA was first enacted in 1990 and became effective July 26, 1992. The ADA Amendments Act of 2008 (ADAA) became effective January 1, 2009. The ADAA reflected Congress' view that the Supreme Court had interpreted the ADA in an unduly narrow fashion in *Toyota Motor Manufacturing v. Williams*, 534 U.S. 184 (2002), and *Sutton v. United Air Lines*, 527 U.S. 471 (1999). *See Weaving v. City of Hillsboro*, 763 F.3d 1106 (9th Cir. 2014).

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** ~ 3

> For purposes of paragraph (1), major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.
>
> (B) Major bodily functions
>
> For purposes of paragraph (1), a major life activity also includes the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.

42 U.S.C. § 12102(1)-(2).

In the employment context, a qualified individual with a disability may show an ADA discrimination in either of two ways: by presenting evidence of disparate treatment or by showing a failure to accommodate. *Dunlap v. Liberty Natural Prods., Inc.*, 878 F.3d 794, 798 (9th Cir. 2017). Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations. *Humphrey v. Memorial Hosps. Ass'n*, 239 F.3d 1128, 1138 (9th Cir. 2001).

To state a claim for failure to provide reasonable accommodation under the ADA, Plaintiff must allege: (1) he is a "qualified individual"[2]; (2) Defendant received adequate notice of Plaintiff's disability and desire for a reasonable accommodation; and (3) a reasonable accommodation is available that would have enabled Plaintiff to perform the essential functions of the job. Ninth Circuit Pattern Jury Instruction 12.7.

Plaintiff alleges he is disabled within the meaning of the ADA and the WLAD, as his asplenia, monorchism, and solitary kidney render him permanently

---

[2]The term "qualified individual" means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. 42 U.S.C. § 12111(8).

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** ~ 4

immunocompromised and substantially limit one or more major life activities, including the operation of major bodily functions, such as functions of the immune system, reproductive system, and circulatory system.

Plaintiff alleges he was able to perform the essential functions of his job as a physical therapist at Shriners Hospital with or without reasonable accommodation, as evidenced by his successful treatment of patients during the COVID-19 pandemic via the utilization of personal protective equipment and safety measures designed to minimize the spread of COVID-19.

Plaintiff alleges Defendant unlawfully discriminated against him in violation of the ADA by refusing and/or failing to engage in an interactive process with him to determine if an appropriate accommodation existed, despite receiving notice of his disability and request for accommodation from Shriners' COVID-19 Vaccination Policy.

Here, Plaintiff has alleged sufficient facts to state a claim for failure to accommodate. Plaintiff has alleged sufficient facts to show that he was disabled within the meaning of the ADA, he was qualified to perform the essential functions of the job with reasonable accommodation, and he suffered an adverse employment because of his disability. He has also alleged sufficient facts to show that Defendant failed to engage in the interactive process with him.

Whether Plaintiff's proposed accommodation would impose an undue hardship and whether he was unable to perform his essential job functions unvaccinated without posing a direct threat will need to be determined at a later proceeding.

**(2)    Failure to Accommodate Under the WLAD**

Similarly, the Washington Law Against Discrimination requires an employer to reasonably accommodate an employee with a disability unless the accommodation would pose an undue hardship. Wash. Rev. Code § 49.60.180(2). "Disability" under the WLAD means the presence of a sensory, mental, or physical

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 5**

impairment that is medically cognizable or diagnosable. Wash. Rev. Code § 49.60.040(7)(a).

"Impairment" includes but is not limited to: (i) Any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: Neurological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, digestive, genitor-urinary [genitourinary], hemic and lymphatic, skin, and endocrine. § 49.60.040(7)(C).

For purposes of qualifying for a reasonable accommodation in employment, an impairment must be known or shown through an interactive process to exist in fact and:

> (i) The impairment must have a substantially limiting effect upon the individual's ability to perform his or her job, the individual's ability to apply or be considered for a job, or the individual's access to equal benefits, privileges, or terms or conditions of employment; or
>
> (ii) The employee must have put the employer on notice of the existence of an impairment, and medical documentation must establish a reasonable likelihood that engaging in job functions without an accommodation would aggravate the impairment to the extent that it would create a substantially limiting effect.

Under Washington law, to allege a prima facie case for a failure to reasonably accommodate a disability, the plaintiff must show that (1) the employee had a sensory, mental, or physical abnormality that substantially limited his or her ability to perform the job, and either (a) the impairment had a substantially limiting effect on the individual's ability to perform the job or (b) the employee put the employer on notice of the impairment's existence and medical documentation established a reasonable likelihood that engaging in the job functions without an accommodation would create a substantially limiting effect; (2) the employee was qualified to perform the essential functions of the job in question; (3) the employee gave the employer notice of the abnormality and its accompanying substantial

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** ~ 6

limitations; and (4) upon notice, the employer failed to affirmatively adopt measures that were available to the employer and medically necessary to accommodate the abnormality. *Gamble v. City of Seattle*, 6 Wash.App.2d 883, 888-89 (2018).

Plaintiff alleges he is disabled within the meaning of the WLAD in that he has a permanent physical impairment which has been medically diagnosed as asplenia, monorchism, and solitary kidney, the absence of major organs within the hemic, reproductive, lymphatic and endocrine systems. As a result of his disability, Plaintiff is permanently immunocompromised and impacted by vaccines in a different manner than those without his disability and is medically recommended to take certain precautions before administering vaccines, including consulting studies as to the safety and efficacy of said vaccines. He alleges he was qualified to perform his job at Shriners as a physical therapist and he was able to perform the essential functions of his job as a physical therapist at Shriners Hospital with or without reasonable accommodation, as evidenced by Mr. Mildes' successful treatment of patients during the COVID-19 pandemic via the utilization of personal protective equipment and safety measures designed to minimize the spread of COVID-19.

Here, Plaintiff has alleged adequate facts to allege a prima facie claim for failure to reasonably accommodate a disability. Plaintiff has alleged that he has a physical abnormality that substantially limited his ability to perform the job because he was required to receive the COVID-19 vaccine to perform his job, but he was unable to receive the vaccine because of his physical abnormalities. According to the allegations, Defendant was put on notice of his impairment and Defendant refused to accommodate him to allow him to continue his employment.

Whether Plaintiff's proposed accommodation would impose an undue hardship and whether he was unable to perform his essential job functions unvaccinated without posing a direct threat will need to be determined at a later

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** ~ 7

proceeding.

### 3. Disparate Treatment, Age Discrimination, and Gender Discrimination under the WLAD

Disparate treatment occurs when an employer treats some people less favorably than others because of disability or other protected status. *Hegwine, v. Longview Fibre Co.*, 162 Wash.2d 340, 354 n.7 (2007); Wash. Rev. Code § 49.60.180(3). To show that Defendant discriminated against Plaintiff, he must allege the following: (1) Defendant took an adverse employment action against him and (2) Plaintiff's disability/age/gender was a substantial fact in Defendant's decision to take the adverse action.[3] Wash. Pattern Jury Instruction Nos. 330.01, 330.32.

Plaintiff alleges Defendant unlawfully terminated him in violation of the WLAD when it terminated him from his employment because he did not receive the COVID-19 vaccine to perform his job, but he was unable to receive the vaccine because of his disability. He also alleges facts showing that Defendant treated younger employees and female employees more favorably when making COVID-19 related accommodations and that his age and gender were a substantial factor motivating Defendant to terminate his employment.

Plaintiff has alleged sufficient facts to support his claims that his disability, age, and gender served as substantial factors in his termination.

//
//
//
//

---

[3]With respect to his discrimination based on his disability claim, Plaintiff must also show that he has a disability and is able to perform the essential functions of the job in question with reasonable accommodation. WPJI No. 330.32.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** ~ 8

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss for Failure to State a Claim, ECF No. 9, is **DENIED**.

2. Defendant's Motion to Dismiss for Failure to State a Claim, ECF No. 12, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 26th day of March 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** ~ 9