FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 13, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT MILDES, a married man,<br><br>    Plaintiff,<br><br>    v.<br><br>SHRINERS HOSPITALS FOR CHILDREN, a foreign nonprofit corporation,<br><br>    Defendant. | No. 2:23-CV-00356-SAB<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant's Motion for Summary Judgment, ECF No. 32. A hearing on the motion was held on November 6, 2025 by videoconference. Defendant was represented by Sarah Benedict, Margaret Burnham, and Olivia Munson. Plaintiff was represented by Robert T. Wright and Samuel Fenton.

Defendant moves for summary judgment on Plaintiff's claims for (1) Failure to accommodate under the Americans with Disability Act (ADA); (2) Failure to accommodate under the Washington Law Against Discrimination (WLAD); (3) Disparate treatment on account of disability discrimination under the WLAD; (4) Age discrimination under the WLAD; and (5) Gender discrimination under the WLAD.

//

//

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** ~ 1

## Motion Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## Facts

The following facts are viewed in the light most favorable to Plaintiff, the non-moving party.

Plaintiff Robert Mildes began working at Defendant Shriners Hospitals for Children in 1998 as a physical therapist, working primarily with pediatric patients. He also performed telehealth appoints conducted remotely as well as

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** ~ 2

administrative duties such as charting, care conferences, preparing treatment plans and preparing letters of medical necessity or justification. Plaintiff has significant medical history. He survived childhood cancer, suffered a severe motorcycle accidence that nearly claimed his life, has one functioning kidney, one testicle, and no spleen (asplenia).

In response to the COVID-19 pandemic, Defendant implemented a COVID-19 Vaccination for Healthcare Personnel Policy, which mandated that all employees must receive the COVID-19 vaccine and failure to do so would be grounds for dismissal from employment. The Policy provided for exemptions that could be granted for medical reasons or religious reasons. If the applicable standards were met, the employee could continue to work for Shriners without getting the vaccine, with accommodations, including using N95 masks and weekly testing. The Vaccine Policy also allowed employees who were pregnant or breastfeeding to choose to defer vaccination and be exempted temporarily from the policy.

Plaintiff submitted a medical exemption request, which included a "Medical Contraindication Statement" signed by Dr. Leah Kobes, and a supporting letter from Dr. Kobes. The letter stated that Dr. Kobes recommended that Plaintiff hold off on receiving the COVID-19 vaccine until further studies were released that addressed the immune response, safety, efficacy, or long-term effects on asplenic patients with the COVID-19 vaccine. In his request, Plaintiff indicated he had asplenia and therefore, was asking for an exemption so he could await further studies on the effects of the COVID-19 vaccine on individuals with asplenia. Plaintiff's proposed accommodation was that he be allowed to continue providing in-person therapy services, while undergoing weekly COVID-19 testing and wearing an N95 mask during shifts.

After reviewing Plaintiff's exemption request and meeting with him, Defendant determined it could not accommodate him without facing undue

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** ~ 3

hardship because it maintained that allowing Plaintiff to provide in-person patient care while unvaccinated would create health and safety risks for the pediatric patients he would be seeing. Plaintiff was terminated from his employment at Shriners effective October 18, 2021, because he did not receive the COVID-19 vaccination.

Around the same time, Defendant granted Rachel Erb, a female physical therapist who worked with Plaintiff, an exemption from the COVID-19 vaccine because she was a breastfeeding mother. Ms. Erb was permitted to have in-person patient contact as long as she was wearing a N95 mask, and she was also subject to weekly testing.

## Legal Framework

**1.     Failure to Accommodate – ADA**

To establish a prima facie failure to accommodate claim under the ADA, the employee must show that (1) they are disabled within the meaning of the ADA, (2) they are a qualified individual that can perform the essential functions of the job with or without reasonable accommodation, and (3) they suffered an adverse employment action because of their disability. *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (citing 42 U.S.C. § 12112(a), b(5)(A)).

"[O]nce an employee requests an accommodation ... the employer must engage in an interactive process with the employee to determine the appropriate reasonable accommodation." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002). To survive summary judgment, the employee must identify a facially reasonable accommodation. *Dark v. Curry Cnty.*, 451 F.3d 1078, 1088 (9th Cir. 2006). Court "should weigh the risks and alternatives, including possible hardships on the employer, to determine whether a genuine issue of material fact exists as to the reasonableness of the accommodation." *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1247 (9th Cir. 1999). Summary judgment is appropriate under

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** ~ 4

the ADA if the employee poses "a direct threat to the health or safety of other individuals in the workplace." 42 U.S.C. § 12113(b). To protect disabled individuals from discrimination based on prejudice, stereotypes, or unfounded fear, courts must employ an individualized direct threat inquiry that relies on the best current medical or other objective evidence. *Nunes*, 164 F.3d at 1248. Specific factors to be considered include (1) the duration of risk, (2) the nature and severity of the potential harm, (3) the likelihood that the potential harm will occur, and (4) the imminence of the potential harm. *Id.*

Here, genuine issues of material fact exist regarding Plaintiff's request for accommodation, including the nature and scope of the interactive process and whether Plaintiff could have performed the duties of his job without imposing an undue hardship on Defendant and without being a direct threat to the health or safety of others. As such, summary judgment is not appropriate.

**2.      Failure to Accommodate Under the WLAD**

Similarly, the Washington Law Against Discrimination requires an employer to reasonably accommodate an employee with a disability unless the accommodation would pose an undue hardship. Wash. Rev. Code § 49.60.180(2); Wash. Admin. Code § 162-22-025(2) (stating it is an unfair practice for an employer to fail or refuse to make reasonable accommodation for an able worker with a disability . . . unless to do so would impose an undue hardship). "Generally, whether an employer made reasonable accommodation or whether the employee's request placed an undue burden on the employer are questions of fact for the jury." *Pulcino v. Fed. Express Corp.*, 141 Wash.2d 629, 644 (2000).

Genuine issues of material fact exist regarding whether Defendant could have reasonably accommodated Plaintiff or whether allowing Plaintiff to remain employed would have unduly burdened Defendant. As such, summary judgment on Plaintiff's WLAD for failure to accommodate is not appropriate.

//

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** ~ 5

3.     **Disparate Treatment, Age Discrimination, and Gender Discrimination under the WLAD**

Disparate treatment occurs when an employer treats some people less favorably than others because of a protected status. *Hegwine, v. Longview Fibre Co.*, 162 Wash.2d 340, 354 n.7 (2007); Wash. Rev. Code § 49.60.180(3). Because direct evidence if discriminatory intent is rare, an employee "may rely on circumstantial, indirect, and inferential evidence to establish discriminatory intent." *Mackey v. Home Depot USA, Inc.*, 12 Wash.App.2d 557, 571 (2020) (citation omitted). In such a case, courts use the *McDonnell Douglas* burden-shifting framework to analysis discriminatory discharge claims.[1] *Id.*

Summary judgment in favor of the employer in a discrimination case is often inappropriate because the evidence will generally contain reasonable but competing inferences of both discrimination and nondiscrimination that must be

---

[1]Because direct evidence of discriminatory intent is rare, an employee "may rely on circumstantial, indirect, and inferential evidence to establish discriminatory action." *Mackey*, 12 Wash.App.2d at 571 (quotation omitted). In such a case, courts employ the three-step evidentiary burden-shifting framework announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) for discriminatory discharge claims.; First, an employee must make a prima facie case of discriminatory discharge by showing that he or she was (1) within a statutorily protected class, (2) discharged by the defendant, and (3) doing satisfactory work. *Id.* Where the employee establishes a prima facie case, a rebuttable presumption of discrimination exists. *Id.* Second, the burden shifts to the employer, who must articulate a legitimate, nondiscriminatory reason for the discharge. *Id.* Finally, if the employer meets this burden, the employee must produce sufficient evidence showing that the employer's alleged nondiscriminatory reason for the discharge was a pretext for discrimination.

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** ~ 6

resolved by a jury. *Davis v. West One Automotive Grp.*, 140 Wash.App. 449, 456 (2007) (quotation omitted).

Here, genuine issues of material fact exist regarding whether Plaintiff was treated less favorably because of his disability, age or gender. Viewing the facts in the light most favorable to Plaintiff, a reasonable jury to find that discrimination based on his disability, age, or gender was a substantial factor in Defendant's decision to terminate him. As such, summary judgment is not appropriate.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment, ECF No. 32, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 13th day of November 2025.



Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** ~ 7